IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KIM RASHEEDA SAVOY,
1340 Nichols Street, NW
   Plaintiff   Wash., DC 20011

CIVIL ACTION
Docket No.

v.

VMT LONG TERM CARE MANAGEMENT,
CO., INC. aka and dba WASHINGTON CENTER FOR
AGING SERVICES, EMMA HARRELL,

2601 18th PL
Wash DC 20018

   Defendants.

Case: 1:07-cv-01738
Assigned To : Huvelle, Ellen S.
Assign. Date : 9/28/2007
Description: EMPLOY DISCRIM.

## JURISDICTION

1. Jurisdiction of this court is founded on **42 U.S.C. 2000e-1** protecting Plaintiffs right to be free from discrimination base on religion.

2. **42 U.S.C. 2000e-2** protecting the Plaintiffs right to be free from discriminatory employment practices.

3. 42 U.S.C. 2000e-2A et al. protecting the Plaintiff's right to be free from discriminatory employment practices based on religion.

4. Plaintiff evokes the pendant and/or ancillary jurisdiction of the District of Columbia and incorporates **D.C. Code 1-2511** guaranteeing equal opportunities in employment and **D.C. Code 1-2512** protecting the Plaintiff's right against unlawful discriminatory practices in employment based on religion.

## PARTIES

RECEIVED
SEP 1 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1. PRO SE PLAINTIFF, KIM RASHEEDA SAVOY, presently resides at 1816 Irving Street, N.E., Washington, District of Columbia.

2. Defendant, VMT LONG TERM CARE MANAGEMENT, INC, aka and dba Washington Center for Aging Services (herein after referred to as WCAS is located at 2601 18th Street, N.E., Washington, District of Columbia, 20018

3. Defendant, EMMA HARRELL, is and/or was an employee of defendant WCAS at all times relevant to this action as was acting within the scope of her employment therein at all times thereto.

## INTRODUCTORY STATEMENT

1. This is a civil action to vindicate my federal and state rights. I was hired by defendant WCA then doing business as VMT Long Term Care Management, Inc. My employment was terminated by WCA in February 2005, based on my religious practices. Throughout these months of employment I ws singled out and arbitrarily picked on constantly, all related to my religion which is Al Islam. When I was hired for this job it was known to everyone involved that I was Muslim. I dressed in the traditional Islamic way with the appropriate head covering. When I began orientation I was able to stop for breaks as company policy and pray at designated prayer times. I was granted this accommodation consistent with my religious right by Ms. Melva Taylor, an employee and supervisor of WCA. Eventually I was assigned a floor where my tour of duty would begin. The floor was call 1 (one) Blue, the charge nurse was Tina and the RCC was Gwen. In the beginning I wore a dark pink head scarf, again consistent with my religious practices. One month late I began to wear the more traditional black head covering. From that point on Tina never seemed to be satisfied with any of the work I performed. She began to complain about my patient treatment although it was clear that the patients were being well cared for. When I would promptly put my residences to bed before 8 p.m., she questioned why they would be in bed so early. After a meeting she had with RCC Gwen and Human resources, the hour was changed to 9:00 p.m. Although I was still timely in bedding and caring for my residents I was still harassed. I on one occasion reported Tina to Ms. Taylor for allowing a CNA Matthew, to give insulin shoots to a resident and he was unlicensed to do so. No action was taken in this matter by WCAS.

2. In or around June, 2005 I began to wear *niqab* and *jilbab* traditional Islamic dress, to work with my uniform underneath. Although I arrived 20 to 30 minutes early normally did not dress out of uniform while dealing with patients the harassment began to escalate. I began to receive criticism for praying during my breaks, which included two company allowed 15 minute breaks and one 30 minute break. I was told by Ms. DeLace Burch, and employee of defendant WCAS that I would have to remove my head covering or get a letter from my religious leader.

Although personally insulted by this order/request I accommodated them with the letter from my Imam which unfortunately did not please them. I was then told that "black" head dress was not a color I could wear, by Ms. Burch, of Human Resources. She said to remove it because it confused the Alzheimer residence on the floor. This order was made even though Nun's and people of other churches would come to read the Bible to residence and none of them were addressed as to their head covering. I was then reported by Tina for reading the Holy Qu'ran and thereafter ordered by Ms. Taylor to stop reading "that stuff" meaning the Holy Qu/ran in Arabic. I was accused thereafter of reading the Qu'ran while working by an employee of WCA and was accused of clocking out before it was time to leave by Tina. I was fired/suspended/terminated for this until I met with Ms. Burch and asked her to pull my time card. Upon pulling the card she found that the allegation against me for clocking out early were false in fact and I was reinstated with back pay.

3. I was subsequently fired/suspended/terminated and additional time for 7-8 days. This resulted from one evening when I had to leave work 30 minutes in order to pick up my daughter. I had communicated this earlier to Tina and the night supervisor Sheila Nathan neither of whom voiced an objection at the time. However, knowing the climate and believing they were doing everything that they could to get rid of me I had a co-worker check my patients prior to my leaving to be sure I would not be accused of abuse or neglect. I in fact was accused of neglect which led to the suspension. I was informed that my patients were wet and not taken care of properly. However, upon producing my witness who confirmed the good quality of my patients I was again reinstated. I was again suspended for a third time when I was in a fire that required my being treated by paramedics. These paramedics called my job one hour before my due time to inform them that I would not be in because of the fire. I was fired and then again reinstated when I produced a letter from the Red Cross who were at the scene of the horrible fire. To make matters worst I paid $380.00 every two week for my company sponsored health insurance. This money is deducted every two weeks from my pay to cover the insurance. Upon attempting to arrange a physical examination for my daughter I was informed that my insurance was dropped. However, the deductions were still coming out of my check. I brought this to the attention of management and nothing, till this date has been done to rectify this situation. I have not received any reimbursement toward the money taken on the cancelled insurance nor did I have the benefit of the insurance. Following an incident whereby I was injured on the job WCA withheld information from me that would allow me to be paid for my injuries.

4. I was constantly criticized and told I could not wear and black head covering by Ms. Burch, Tina, Ms. Taylor and Ms. Nathan all employees of WCA although there was no policy or procedure cited to me that held against it. I continued to come into work dressed as described. On one day I arrived prepared to work and approached the clock where other employees had gathered to clock either in or out. As I passed Ms. Emma Harrell she said aloud "she's a mass murderer and a

terrorist. Causing everyone to burst into laughter. I kindly walked over to her admonishing her and thereafter reported her to Ms. Taylor of Human Resources. When I arrived at Ms. Taylor's office Ms. Harrell was already there. Upon seeing me she began to laugh again. I explained in detail what had happened to and she assured me should would take care of it. Before I left out of Ms. Taylor's office Ms. Harrell looked at me and said, that I had the nerve to walk around "like that" (meaning in Islamic attire) in this day and time. I then reported here to Ms. Burch of Human Resources and was told that Ms. Harrell would receive sympathy or sensitivity training. I reported the matter to the Council on American and Islamic Relations (CAIR) who wrote to the company on my behalf explaining the action of the employees and explaining that the company is responsible to keep this type of behavior under control. Additionally they requested information as to when the sympathy training would begin. Thereafter, for a period of about two week Ms. Taylor would approach me and say, "Are you going to remove your scarf or change the color?" and would say you came here just to be sent home. I would respond by saying that I was here in what is required in the handbook, white pants, shoes and socks, and any color top I desired, and my documentation for a religious head covering is already on file. I was pressed to remove the head covering for over 2 weeks. I would clock in, move to my floor to begin work only to have an employee call Ms. Taylor who would order me to remove the head covering or leave the building. I would thereafter leave. In December of 2005, I was asked to leave without pay until further notice. In February 2006 I was given my final check and fired for religious reason. The defendant, WCA is responsible for the conduct of its employee and are accountable for their discriminatory practices and actions.

## COMPLAINT

**AS AND FOR** a Complaint in the United States District Court, for the District of Columbia, the Plaintiff, Kim Rasheeda Savoy, alleges as follows:

## COUNT 1

1. Plaintiff repeats and incorporates all of the Introductory Statement as if fully set forth herein and further asserts, Plaintiff was an employee of defendant WCAS who is subject to the federal and state laws against discrimination based on religion.

2. That between February 2005 and February 2006 defendant WCAS through the actions and inactions of its employees did discriminate against the Plaintiff base on the fact that she is a Muslim.

3. That said discriminatory practices violated the Plaintiff State and Federal civil and Constitution rights against religious discrimination in employment..

WHEREFORE, Plaintiff seeks judgment for discrimination in the amount of $500,000., plus court cost.

## COUNT 2

1. Plaintiff repeats and realleges each allegations above as if fully set forth herein.

2. Plaintiff was an employee of defendant WCAS who was doing business in the District of Columbia.

3. Defendant WCAS acting through its employees created a hostile work environment for Plaintiff by attacking her religious practice and/or dress in violation of the Plaintiff's Civil and Constitutional rights

   Wherefore, Plaintiff demands judgment in the amount of one million dollars from the defendants, plus punitive damages and costs of this suit.

## COUNT 3

1. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

2. Defendant WCAS is the employer of Tina, Ms. Burch, Ms. Harrell, Ms. Taylor, and Ms. Nathan, et.als., who repeatedly discriminated against Plaintiff based on her religious practice.

3. Defendant WCAS took did not take the necessary steps to correct the actions of the employees nor to protect the rights of the Plaintiff from attacks and slanders and persecution which occurred daily because of her religious practice.

4. Defendant WCAS is vicariously responsible for the discriminatory, malicious and/or slanderous conduct of their employees.

   Wherefore, Plaintiff demands judgment in the amount of one million dollars from the defendants, plus punitive damages along with the costs of this suit, as well as any other remedy the court deems just.

## COUNT 4

1. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

2. Defendant WCAS owed a duty to the Plaintiff to secure a positive work environment free from hostility, discrimination and/or ridicule.

3. Defendant WCA breached it duty to the Plaintiff by failing to properly train, supervise or correct the actions of its employees.

4. As a direct and proximate result of the negligence of defendant WCA properly and/or adequately train, supervise and/or correct the actions of the employees Plaintiff was discriminated against because of her religious practices and suffered through a hostile work environment and was terminated from her employment.

Wherefore, Plaintiff demands judgment against the defendants in the amount of One Million Dollars, plus punitive damages, and costs of this suit.

## COUNT 5

1. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

2. Defendant Emma Harrell at all times relevant hereto was an employee of the defendant WCA.

3. Defendant slandered the character and reputation of the Plaintiff by calling her a Terrorist and a mass murderer in front of other workers and patients.

4. As a result of this slander Plaintiff has been embarrassed and her reputation in the community damaged irreparably.

Wherefore, Plaintiff demands judgment against defendant Emma Harrell individually for $100,000 and punitive damages plus cost of this suit.

## JURY DEMAND

Plaintiff demands a jury trial on all issues pursuant to the Rules of the Court.

August 31, 2007

_____,
**KIM R. SAVOY**
1916 Irving Street NE #204
Washington, D.C. 20018
(202) 244-7871

TAMPA FIELD OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSIO
TIMBERLAKE FEDERAL BUILDING ANNEX
501 E. POLK STREET, 10TH FLOOR
TAMPA, FLORIDA 33602

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

CERTIFIED MAIL™

$ 03.06⁰  JUN 20 2007
MAILED FROM ZIP CODE 33602

7005 1160 0001 4160 322_

Ms. Kim Rasheda Savoy  #204
1816 Irving Street, NE
Washington, DC 20018

1st Notice JUN 28 2007
2nd Notice JUL 08 2007

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kim R. Savoy<br>1340 Nichols St., N.W.<br>Washington, DC 20011 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2005-01878 | Jearlean Johnson, Investigator | (813) 202-7913 |

NOTICE TO THE PERSON AGGRIEVED:   (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

_(signature)_  6/15/07

Manuel Zurita, Director   (Date Mailed)

cc:  Delace Burch
     Human Resources Director
     WASHINGTON CENTER FOR AGING SERVICES
     2601 18th Street, N.E.
     Washington, DC 20018

JS-44
(Rev.1/05 DC)

M
07-1738
ESH

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Kim Rasheeda Savoy

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

**DEFENDANTS**

VMT Long Term Care Management

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01738
Assigned To : Huvelle, Ellen S.
Assign. Date : 9/28/2007
Description: EMPLOY DISCRIM.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

2

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE 9/28/07  SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd