IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kim Rasheeda Savoy** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) Civil Action No. 07-1738 ESH |
|   v. | ) Judge: Ellen Huvelle |
| | ) |
| **VMT Long Term Care Management Co., Inc,** *et al.,* | ) |
| | ) |
|      **Defendants.** | ) |
| _____ | ) |

### DEFENDANT EMMA HARRELL'S MOTION TO DISMISS

**COMES NOW**, the Defendant Emma Harrell by and through undersigned Counsel, to hereby respectfully request that this Honorable Court dismiss the aforementioned complaint against Defendant Harrell based on the Statute of Limitations, *Res Judicata*, and Failure to State a Claim pursuant to Federal Rule 12(b)(6). In support thereof, the attached Memorandum of Law is provided.

_____/S/_____       _____/S/_____
Dawn R. Jackson, Esq.                   Stan Brown, Esq.
Baylor & Jackson, PLLC             9500 Arena Drive #104
1025 Connecticut Avenue #1202   Largo, Maryland 20774
Washington, D.C. 20036            (301) 883 – 8888  Tel.
(202)332-7200  Tel.                  (301) 883 – 8606   Fax.
(202) 833-5033  Fax.                 attorney@stanbrown.net
djackson@baylorjackson.com
 DC Bar # 485118

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Kim Rasheeda Savoy** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 07-1738 ESH |
| vi. | ) Judge: Ellen Huvelle |
| | ) |
| VMT Long Term Care Management Co., Inc, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EMMA HARREL'S MOTION TO DISMISS**

**COMES NOW**, the Defendant Emma Harrell by and through undersigned Counsel, to hereby respectfully request that this Honorable Court dismiss the aforementioned Complaint against Defendant Harrell for the following reasons:

**BACKGROUND FACTS**

1) On July 13, 2006, Plaintiff Kim Rasheda Savoy filed a Complaint in the Superior Court of the District of Columbia against Washington Center for Aging Services and Emma Harrel, Civil Action No. 2006 – 005354.  See Exhibit 1.

2) On September 28, 2007, the instant Complaint was filed in the United States District Court for the District of Columbia by Plaintiff Kim Rasheda Savoy

against VMT Long Term Care Management Co., Inc., Washington Center for Aging Services, and Emma Harrell.

3) The aforementioned complaints involve the same allegations of employment discrimination while Plaintiff worked for Washington Center for aging services, involve the same Defendants, and request the same relief.

4) On June 6, 2007, Plaintiff was issued a "Notice of Right to Sue" by the U.S. Equal Employment Opportunity Commission, which provided that a lawsuit must be filed within 90 days of your receipt of Notice.

## I. PLAINTIFF'S CLAIMS ARE TIME BARRED PURSUANT TO 42 U.S.C.S. § 2000e-5(f)(1).

Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. requires that a Plaintiff file an employment discrimination suit within 90 days of receiving a Notice of Right to Sue. The Supreme Court has held that an untimely EEOC filing is not necessarily an absolute jurisdictional bar to suit. Rather, the period is like a statute of limitations and, therefore, may be equitably tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393. This proposition was applied recently by the Seventh Circuit to the 90-day period for filing suit in Anooya v. Hilton Hotels Corp., 733 F.2d 48 (7th Cir. 1984). In Anooya, a plaintiff's Title VII suit was dismissed because the complaint had been filed on the 91st day. The Court of Appeals affirmed the dismissal, stating that "absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the 90-day period, the Title VII action is time barred." Id. at 49.

Plaintiff in the instant matter filed charges against her employer with the Equal Employment Opportunity Commission, and on June 15, 2007, she received a

3

determination of dismissal and a Notice of Right to Sue. See Exhibit 2. The Notice clearly stated that she was required to file suit within 90 days from receipt of the Notice or loose her right to sue. However, the instant action was file on September 28, 2007, which exceeds the 90 day period. Given that fact that Plaintiff has not provided any special circumstances that would compel the equitable tolling of the 90-day limitation period, this Honorable Court should bar Plaintiff's discrimination claim.

## II.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BY THE DOCTRINE OF *RES JUDICATA*

The "records and judicial proceedings" of any state, territory, or possession of the United States "shall have the same full faith and credit in every court" within the United States. 28 U.S.C.A. § 1738 (West 1994). This provision applies to the judgments from local courts. *Baez-Cruz v. Municipality of Comerio,* 140 F.3d 24, 28 n.1 (1st Cir. 1998). Accordingly, the District Court must analyze the applicability of res judicata jurisprudence to the Superior Court judgment dismissing a Title VII claim. See *id.*; *Oliveras v. Miranda Lopo,* 800 F.2d 3, 6 (1st Cir. 1986).

In the instant case, Plaintiff Kim Savoy filed a lawsuit in Superior Court involving the same issue, employment discrimination, and parties as the instant lawsuit. On June 11, 2007, the Honorable Judge Judith Bartnoff dismissed the complaint. Based on the aforementioned, the doctrine of res judicata should be invoked to bar Plaintiff's claim against Defendant Emma Harrell.

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM IN WHICH RELIEF CAN BE GRANTED AGAINST DEFENDANT EMMA HARRELL

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). A complaint is required to set forth the facts underlying and demonstrating the existence of a cause of action. Id. In deciding the motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the [non-moving party]." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Conclusive statements are insufficient. Id. The Court should dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with [plaintiff's] allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1994). Title VII has been interpreted to protect against requirements of religious conformity and as such protects those who refuse to hold, as well as those who hold, specific religious beliefs. Shapolia v. Los Alamos National Laboratory, 992 F.2d 1033, 1036 (10th Cir. 1993) (citing International Ass'n of Machinists & Aerospace Workers v. Boeing Co., 833 F.2d 165, 169 (9th Cir. 1987)).

In the instant Complaint, Plaintiff only named Defendant Harrell in Count Five. Specifically, this Count alleges that Defendant Harrell was an employee of Washington Center for Aging Services (hereinafter "WASA"), and Defendant Harrell slandered her character and reputation by calling Plaintiff a "[t]errorist and mass murderer in front of other workers and patients." Further, Plaintiff claims that as a result of Defendant Harrell's actions, Plaintiff was embarrassed and her reputation in the community damaged irreparably. Based on the allegations in the complaint, Plaintiff can not legally bring a claim against Defendant Harrell pursuant to Title VII. If this Court takes the allegations in Count Five as true and construe them in the light most favorable to the non-moving party, Plaintiff clearly fails to state a claim in which this Court can grant relief.

**WHEREFORE**, based on the aforementioned, Defendant Harrell prays that this Honorable Court grant the Motion to Dismiss the Complaint.

Respectfully Submitted,

_____/S/_____    _____/S/_____
Dawn R. Jackson, Esq.              Stan Brown, Esq.
Baylor & Jackson, PLLC             9500 Arena Drive #104
1025 Connecticut Avenue #1202      Largo, Maryland 20774
Washington, D.C. 20036             (301) 883 – 8888  Tel.
(202)332-7200  Tel.                (301) 883 – 8606   Fax.
(202) 833-5033  Fax.               attorney@stanbrown.net
djackson@baylorjackson.com
 DC Bar # 485118

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kim  Rasheeda  Savoy** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 07-1738 ESH |
| vii. | ) Judge: Ellen Huvelle |
| | ) |
| **VMT Long Term Care Management Co., Inc,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**ORDER**

Having read and considered Defendant Harrell's Motion to Dismiss, any opposition and responses thereto and the record in this case, it is **HEREBY ORDERED**

That the Complaint against Defendant Harrell is hereby **DISMISSED** with prejudice.

_____
**Judge Ellen S. Huvelle**

**Copies To:**

**Kim Rasheda Savoy
1340 Nichols Street, N.W.
Washington, D.C. 20011**

7