UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM RASHEEDA SAVOY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VMT LONG TERM CARE MANAGEMENT ) <br> CO., INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 07-1738 (ESH) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964 and the D.C. Human Rights Act, and a common law claim for slander. Each defendant has moved to dismiss on the grounds that all of plaintiff's claims are time-barred and/or barred by the doctrine of *res judicata*,[1] and that plaintiff has not alleged facts sufficient to make out a claim for religious discrimination. Plaintiff has responded to these motions by merely refiling her complaint. Plaintiff, however, does not address the defendants' major contention - - that each of plaintiff's claims should be dismissed as being untimely. Since this contention is dispositive, the Court need not address the issue of whether the claims can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Accepting as true the allegations in plaintiff's complaint, as the Court must do at this stage, it is clear that plaintiff was suspended from her job at the Washington Center for Aging

---

[1] Plaintiff previously sued these same parties in D.C. Superior Court, also claiming religious discrimination. That action was dismissed by a Superior Court judge in June 2007. *See Savoy v. VMT Long Term Care Mgmt. Co., Inc.*, No. 2006 CA 005354 B.

Services ("WCA") when she refused to remove a black head covering, and she was terminated from her employment in February 2005.[2] The complaint was filed in this case on September 28, 2007, over two years and seven months after her last day of work. The EEOC issued a Notice of Right to Sue to plaintiff on June 15, 2007, advising her that she had to file her lawsuit within ninety days of receipt of the notice or her right to sue would be lost. The notice indicates that it was mailed to plaintiff on June 15, 2007; therefore, because she does not allege otherwise, plaintiff is presumed to have received the notice three days after it was mailed. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998). Plaintiff, however, did not file until 102 days later.

Given these undisputed facts, the Court must dismiss three of plaintiff's claims as untimely. Any claim under the D.C. Human Rights Act must be brought within one year of the unlawful discriminatory act, D.C. Code § 2-1403.16(a); any claim for slander must be brought within one year from the time the action accrues, D.C. Code § 12-301(4); and any Title VII complaint must be filed within ninety days of receipt of the Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1). This was not done here.[3] Accordingly, the defendants' motions to dismiss will be

---

[2] The Court notes that there is some ambiguity in plaintiff's complaint as to when her employment with WCA ended. Although plaintiff initially alleges that she was "terminated by WCA in February 2005" (Compl. at 2), she later alleges that she was "fired for religious reasons" in February 2006. (*Id.* at 4.) Because plaintiff did not file her complaint within a year of even this later termination date, however, her complaint is still untimely for the reasons set forth herein, and any ambiguity is therefore immaterial to the disposition of her case.

[3] Given this disposition, the Court need not reach defendants' other arguments regarding *res judicata* and the merits of plaintiff's claims except that to the extent that Count 4 alleges a negligent supervision claim, it is settled that such a claim cannot, as a matter of law, be predicated solely on a violation of an anti-discrimination statute. *See Griffin v. Acacia Life Ins.*

granted and plaintiff's complaint will be dismissed with prejudice.

                                            /s/
                            ELLEN SEGAL HUVELLE
                            United States District Judge

DATE: November 27, 2007

---

*Co.*, 925 A.2d 564, 576-77 (D.C. 2007).  Second, it should be noted that plaintiff cannot sue an individual employee under Title VII.  *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (Title VII does not impose individual liability).